IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HILTI AKTIENGESELLSCHAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| SPECIFIED TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff, Hilti Aktiengesellschaft ("Plaintiff" or "Hilti") files this Complaint for patent infringement and demand, asserting U.S. Patent No. 11,578,822, which issued on February 14, 2023, for jury trial against Defendant Specified Technologies Inc. ("Defendant" or "STI"), and alleges as follows:

## NATURE OF THE ACTION

2.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283-285.

## THE PARTIES

3.     Plaintiff Hilti is a corporation organized under the laws of Liechtenstein, with its principal place of business at Feldkircherstrasse 100, P.O. Box 333, 9494 Schaan, Principality of Liechtenstein.

4.     Hilti's products and services are distributed in the United States by its subsidiary, Hilti, Inc.  Hilti, Inc. employs approximately 3,500 individuals and is based in Plano, Texas where it has research and development facilities and corporate offices.

1

5.      Upon information and belief, Defendant STI is a corporation organized under the laws of the State of Delaware, with its principal place of business at 210 Evans Way, Somerville, New Jersey 08876.

## THE PATENT-IN-SUIT

6.      Founded in 1941 and based in Schaan, Principality of Liechtenstein, Hilti has, through its 80+-year history, been a world leader and innovator across a variety of technical industries.  Over the years, Hilti has expended significant resources on research, development, and innovation, and on capturing the fruits of those efforts in patent applications filed around the world.  For example, Hilti's fire protection related patents born from this history of innovation include U.S. Patent No. 11,578,822 (the "'822 Patent" or the "Patent-in-Suit").

7.      The '822 Patent, titled "Device for Passing Pipes or Cables Through an Opening in a Building," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 14, 2023.  Hilti is the owner of the '822 Patent, with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.  A copy of the '822 Patent is attached as Exhibit 1.

## RELATED LITIGATION

8.      On September 22, 2022, Hilti filed a Complaint for patent infringement alleging infringement of, *inter alia*, U.S. Patent Nos. 10,295,088 (the "'088 Patent"), 10,663,090 (the "'090 Patent"), and 11,242,946 (the "'946 Patent").  *See* 22-cv-1248-CFC (the "1248 Case"), D.I. 1 (the "1248 Complaint") at Count One, Count Two, and Count Three.

9.      In the 1248 Complaint, Hilti accused STI of directly infringing at least claim 1 of the '088 Patent by making, using, offering to sell, selling, and/or importing a product marketed as the EZ Path® Series 44+ Fire Rated Pathway (the "EZ Path Pathway").  *Id.* ¶22.

10.     In the 1248 Complaint, Hilti accused STI of directly infringing at least claim 1 of the '090 Patent by making, using, offering to sell, selling, and/or importing the EZ Path Pathway. *Id.* ¶36.

11.     In the 1248 Complaint, Hilti accused STI of directly infringing at least claim 1 of the '946 Patent by making, using, offering to sell, selling, and/or importing the EZ Path Pathway. *Id.* ¶46.

12.     The '822 Patent is a continuation of Application No. 17/568,082, which is a continuation of Application No. 16/855,049, now U.S. Patent No. 11,242,946, which is a continuation of Application No. 16/382,475, now U.S. Patent No. 10,663,090, which is a continuation of Application No. 15/924,160, now U.S. Patent No. 10,295,088, which is a continuation of Application No. 15/171,593, now U.S. Patent No. 9,982,805, which is a continuation of Application No. PCT/EP2014/076168.

13.     The '822 Patent is directly related to each of the '088 Patent, '090 Patent, and '946 Patent which are asserted in the 1248 Complaint.

14.     On February 14, 2023, counsel for Hilti contacted counsel for STI regarding issuance of the '822 Patent and Hilti's position that STI infringes and/or will infringe at least claim 8 of the '822 Patent.  Hilti suggested that it could amend its Complaint in the 1248 Case or file a separate lawsuit and seek to consolidate the new lawsuit with the 1248 Case.

15.     On February 21, 2023, counsel for STI took the position that it was premature to answer the question and requested claim charts explaining how any STI accused product(s) allegedly infringe any claim(s) of the '822 Patent.

16.     Also on February 21, 2023, counsel for Hilti provided a draft amended complaint including allegations as to the '822 Patent and requested an answer as to whether STI will stipulate to Hilti's amendment of the 1248 Complaint.

17.     On February 24, 2023, counsel for STI stated that STI would not stipulate to Hilti's amendment of the 1248 Complaint and would oppose any motion for leave to amend by Hilti for the reasons set forth in its communication.

18.     Under the Scheduling Order entered in the 1248 Case, the deadline to amend pleadings is not until May 17, 2024.  1248 Case, D.I. 35 ¶8.  Nonetheless to avoid needless motion practice, and because STI indicated it would oppose any motion for leave to amend the 1248 Complaint, Hilti has filed the present action asserting the '822 Patent against STI.  Hilti intends to seek consolidation of this case with the 1248 Case.

## STI'S ALLEGED PRIOR ART FROM THE 1248 CASE

19.     In its Answer, Defenses, and Counterclaims in the 1248 Case, STI included counterclaims of invalidity as to, *inter alia*, the '088 Patent, the '090 Patent, and the '946 Patent. 1248 Case, D.I. 13 ("STI's Answer") at Counterclaims Count 1, Count 2, and Count 3.

20.     In Count 1 of its Counterclaims, STI identified various alleged prior art references, alleged prior public uses, and alleged prior art on-sale activities, and set forth its belief as to why claim 1 of the '088 Patent is invalid.  *Id.* ¶¶18-86.

21.    In Count 2 of its Counterclaims, STI identified various alleged prior art references, alleged prior public uses, and alleged prior art on-sale activities, and set forth its belief as to why claim 1 of the '090 Patent is invalid.  *Id.* ¶¶87-148.

22.    In Count 3 of its Counterclaims, STI identified various alleged prior art references, alleged prior public uses, and alleged prior art on-sale activities, and set forth its belief as to why claim 1 of the '946 Patent is invalid.  *Id.* ¶¶149-221.

23.    On September 22, 2022, Hilti filed Application No. 17/934,345 (the "'345 Application"), which later matured into the '822 Patent.  *See* Exhibit 1 at 1.

24.    During the prosecution of the '345 Application, Hilti filed an Information Disclosure Statement disclosing to the USPTO: a) the 1248 Complaint and all of its exhibits; b) STI's Answer and all of its exhibits; and c) all of the alleged prior art materials identified by STI in STI's Answer.  *See* Exhibit 5 (Information Disclosure Statement).

25.    All of the materials listed on the Information Disclosure Statement were disclosed to the USPTO in connection with the prosecution of the '345 Application.

26.    Patrick F. Brinson, the patent examiner responsible for examining the '345 Application, considered all of the materials disclosed by Hilti, including STI's Answer, all of the exhibits to STI's Answer, and all of the alleged prior art materials identified in STI's Answer.  *See* Exhibits 6 and 7 (Information Disclosure Statements initialed by Patrick F. Brinson and stating "ALL REFERENCES CONISDERED EXCEPT WHERE LINED THROUGH. /P.F.B./", with no references lined through.)

27.    All the arguments STI presented in its Answer in the 1248 Case regarding the alleged invalidity of the '088 Patent, '090 Patent, and '946 Patent, were considered by Examiner Brinson during the prosecution of the '345 Application, which issued as the '822 Patent.

## JURISDICTION AND VENUE

28.     This Court's jurisdiction over this action is proper under relevant statutes,

including 35 U.S.C. § 271, et seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28

U.S.C. § 1338 (jurisdiction over patent actions). The Court has subject matter jurisdiction over

this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

29.     This Court has general personal jurisdiction over Defendant at least because

Defendant is incorporated in Delaware and, upon information and belief, Defendant has

committed acts of patent infringement in Delaware and Defendant regularly conducts business,

solicits business, and/or derives substantial revenue from products provided within Delaware,

including products that infringe Hilti's patented technology.

30.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) at least

because Defendant is incorporated in Delaware.

## COUNT ONE

## INFRINGEMENT OF U.S. PATENT NO. 11,578,822

31.     Hilti incorporates by reference the allegations in paragraphs 1-30 as if fully set

forth herein.

32.     On information and belief, Defendant has infringed claims of the '822 Patent,

including at least claim 8, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to

sell, selling, and/or importing infringing products.

33.     Claim 8 of the '822 Patent recites:

A device, comprising:

a housing, configured to be installed in an aperture in a ceiling or wall of a
building, said housing comprising a channel with a first and second end;

two brushes mounted on walls of the housing opposite each other and extending into the channel;

a first flange and a second flange wherein the first flange is provided to terminate flush with a first corresponding surface of a wall or ceiling of a building and wherein the second flange is provided to terminate flush with a second corresponding surface of a wall or ceiling of a building;

wherein the two brushes are comprised of bristles with said bristles configured to mesh with each other to close the passage channel;

a first intumescent material extending into the channel at a location between the first end and second end, wherein the brushes move within the channel in an installed state, the brushes moving to accommodate passage of an object through the channel, the object to enter the channel at the first end and to exit the channel at the second end, and wherein the first intumescent material curves in an axial direction within the channel and at least partially surrounds the object in the channel in the installed state.

34.     On information and belief, Defendant has directly infringed at least claim 8 of the '822 Patent by making, using, offering to sell, selling, and/or importing a product marketed as the EZ Path® Series 44+ Fire Rated Pathway (the "EZ Path Pathway").

35.     According to Defendant, the EZ Path Pathway is a pathway device designed to allow cables to penetrate fire-rated walls and floors without the need for firestopping. The EZ Path Pathway features a built-in fire and smoke sealing system that automatically adjusts to the amount of cables installed.  *See* Exhibit 2 (Product Data Sheet for the EZ Path Pathway).

36.     On information and belief, the EZ Path Pathway is a device.  The EZ Path Pathway is shown in the below image taken from https://www.stifirestop.com/products/ez-path-series-44-fire-rated-pathway (last accessed on September 14, 2022):



Exhibit 3.

      37.    On information and belief, the EZ Path Pathway includes a housing, configured to be installed in an aperture in a ceiling or wall of a building, said housing comprising a channel with a first and second end, namely the orange galvanized steel pathway shown in the below image taken from https://www.stifirestop.com/products/ez-path-series-44-fire-rated-pathway (last accessed on September 14, 2022):



*Id.*

      38.    On information and belief, the EZ Path Pathway includes two brushes mounted on walls of the housing opposite each other and extending into the channel, namely the two brushes on the left and/or right side of the housing shown in the below image taken from https://www.stifirestop.com/products/ez-path-series-44-fire-rated-pathway (last accessed on September 14, 2022):



*Id.*

39.    On information and belief, the EZ Path Pathway includes a first flange and a second flange wherein the first flange is provided to terminate flush with a first corresponding surface of a wall or ceiling of a building and wherein the second flange is provided to terminate flush with a second corresponding surface of a wall or ceiling of a building, namely the two oversized wall plates shown in the below image taken from https://www.stifirestop.com/ez-path (last accessed on September 15, 2022):





Exhibit 4.

40.     On information and belief, the two brushes in the EZ Path Pathway are comprised of bristles with said bristles configured to mesh with each other to close the passage channel, as shown in the below image taken from https://www.stifirestop.com/products/ez-path-series-44-fire-rated-pathway (last accessed on September 14, 2022):



Exhibit 3.

41.     On information and belief, the EZ Path Pathway includes a first intumescent material extending into the channel at a location between the first end and second end, namely the lower or upper intumescent pad shown in the below image taken from https://www.stifirestop.com/products/ez-path-series-44-fire-rated-pathway (last accessed on September 14, 2022):



*Id.*

42.    On information and belief, the brushes in the EZ Path Pathway move within the channel in an installed state, the brushes moving to accommodate passage of an object through the channel, the object to enter the channel at the first end and to exit the channel at the second end, as shown in the below image taken from https://www.stifirestop.com/products/ez-path-series-44-fire-rated-pathway (last accessed on September 14, 2022):



*Id.*

43.    On information and belief, the first intumescent material in the EZ Path Pathway curves in an axial direction within the channel and at least partially surrounds the object in the channel in the installed state, as shown in the below image taken from https://www.stifirestop.com/products/ez-path-series-44-fire-rated-pathway (last accessed on September 14, 2022):



*Id.*

44.     The full extent of Defendant's infringement is not presently known to Hilti.  Hilti makes this preliminary identification of infringing products and infringed claims in Count One without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.

45.     Hilti has suffered damages, including specifically lost profits, as a result of Defendant's infringement of the '822 Patent in an amount to be determined at trial.

46.     Defendant's infringement of the '822 Patent is causing irreparable harm for which Hilti has no adequate remedy at law unless Defendant is enjoined by this Court.  Under 35 U.S.C. § 283, Hilti is entitled to a permanent injunction against further infringement of the '822 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Hilti prays for the following judgments and relief:

(a)     A judgment that Defendant has infringed and is infringing the Patent-in-Suit;

(b)     A permanent injunction against Defendant and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert from infringing the Patent-in-Suit,

including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Patent-in-Suit; using or performing methods claimed in any of the claims of the Patent-in-Suit; inducing others to use and perform methods that infringe any claim of the Patent-in-Suit; or contributing to others using and performing methods that infringe any claim of the Patent-in-Suit, until the expiration of the Patent-in-Suit;

(c)     An award of damages adequate to compensate Hilti for Defendant's patent infringement, and an accounting to adequately compensate Hilti for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(d)     An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(e)     An order finding that this is an exceptional case and awarding Hilti its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(f)     Such other further relief, in law or equity, as this Court deems just and proper.

## JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Hilti hereby demands a jury trial on all issues triable before a jury.

Dated: March 6, 2023

*Of Counsel:*

GARDELLA GRACE P.A.

W. Cook Alciati
(to be admitted *pro hac vice*)
80 M Street SE, 1st Floor
Washington D.C. 20003
(703) 721-8379
calciati@gardellagrace.com

Michael A. Dorfman
(to be admitted *pro hac vice*)
2502 North Clark Street, Suite 222
Chicago, IL 60614
(773) 755-4942
mdorfman@gardellagrace.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com

*Attorneys for Hilti Aktiengesellschaft*